IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____1:21-cv-01726_____

VALERIE L. HARRIS,

    Plaintiff,

v.

TUCKER ALBIN & ASSOCIATES,

    Defendant.

## COMPLAINT

**NOW COMES** Valerie L. Harris ("Plaintiff"), by and through the undersigned, complaining as to the conduct of Tucker Albin & Associates ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692, violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227, and violations of the Bankruptcy Discharge Injunction pursuant to 11 U.S.C. §524, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA, TCPA, 11 U.S.C. §524 and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the District of Colorado and a substantial portion of the events or omissions giving rise to the claims occurred within the District of Colorado.

## PARTIES

4. Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, resided in the District of Colorado.

5. Defendant's principal place of business located at 1701Colins Blvd., Suite 100, Richardson, Texas 75080. Defendant is a debt collector engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others using the mail and telephone, including consumers in the State of Colorado

## FACTS SUPPORTING CAUSES OF ACTION

6. Prior to this action giving rise, Plaintiff incurred a debt with Regus Management Group ("Regus") for a personal office space she rented between January 2019 and May 2019.

7. At the time Plaintiff left the office space, Plaintiff allegedly owed Regus $1,651.00 ("subject debt").

8. Due to financial hardship, Plaintiff was unable to sustain timely payments and defaulted on the remaining balance that was due.

9. Sometime thereafter, Defendant acquired the right to collect on the subject debt.

10. On September 18, 2020, Plaintiff filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court, District of Colorado, Case Number 20-16189-MER ("bankruptcy").

11. Schedule F of the bankruptcy petition listed the subject debt, an unsecured pre-petition debt to Defendant in the amount of $1,621.08.

12. On September 23, 2020, by virtue of listing Defendant as a creditor, the Bankruptcy Noticing Center ("BNC") served Defendant with notice of Plaintiff's bankruptcy filing.

13. On December 21, 2021, the Bankruptcy Court entered an Order of Discharge in Plaintiff's case of all dischargeable debts, including the subject debt.

14. Pursuant to 11 U.S.C. §524, the Order of Discharge invoked the protections of the discharge injunction prohibiting any acts to collect upon the subject debt by Regus, Defendant or any other party.

15. Plaintiff's personal liability on the subject debt was extinguished via her bankruptcy discharge, thus terminating any liability with Regus, Defendant or to and any of its successors, assigns, and agents.

### DEFENDANT'S POST-DISCHARGE COMMUNICATIONS

16. After the discharge injunction had taken effect, Defendant sought to collect the subject debt from Plaintiff personally by placing collection calls to Plaintiff's cellular phone, (720) XXX-9051, attempting to collect upon the subject debt.

17. At all times relevant, Plaintiff was the sole subscriber, owner, possessor, and operator of her cellular telephone number ending in 9051. Plaintiff is and has always been financially responsible for this cellular telephone and its services.

18. Plaintiff never provided her cellular telephone number to Defendant or otherwise expressly consented to Defendant's phone calls.

19. On or around April 2021, Plaintiff answered a phone call to her cellular phone from a representative of Defendant. In that call, Defendant repeatedly demanded Plaintiff to make a payment on the subject debt. When Plaintiff replied that she filed bankruptcy and no longer owed the debt and requested not to be contacted anymore, the Defendant said they would continue to call Plaintiff and insisted on setting up a payment plan.

20. Notwithstanding Plaintiff's request that Defendant cease placing calls to her cellular phone, Defendant placed or caused to be placed numerous harassing phone calls to Plaintiff's cellular phone between April 2021 and the present day.

21. Additionally, beyond the numerous phone calls, Defendant placed numerous amounts of harassing text messages to Plaintiff's cellular phone from (469) 208-5509 in an attempt to collect on the subject debt.

22. On April 19, 2021, Plaintiff *again* requested not to be contacted when she texted Defendant, (469) 208-5509, that she feels disrespected, doesn't owe the subject debt, and to stop contacting her.

23. At no time did Defendant send Plaintiff any correspondences notifying her of her rights pursuant to 15 U.S.C. §1692g.

24. Moreover, in the phone calls Plaintiff answered, Plaintiff was greeted by a noticeable period of "dead air" while Defendant's telephone system attempted to connect Plaintiff to a live agent.

25. Specifically, there would be an approximate 3 second pause between the time Plaintiff said "hello," and the time that a live agent introduced them self as a representative of Defendant attempting to collect on the subject debt.

26. Defendant also placed numerous phone calls to Plaintiff's husband, Plaintiff's son, and to Plaintiff's employer without her consent and disclosed private information regarding the subject debt.

27. Plaintiff's demands that Defendant's phone calls cease fell on deaf ears and Defendant continued its phone harassment campaign.

28. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling with such frequency as can be reasonably expected to harass.

29. Upon information and belief, Defendant placed its calls to Plaintiff's cellular telephone using a predictive dialing system, an automated telephone dialing system that is commonly used in the debt collection industry to collect defaulted loans.

**DAMAGES CAUSED BY DEFENDANT'S POST-DISCHARGE COMMUNICATIONS**

30. Despite having actual knowledge of Plaintiff's bankruptcy discharge, Defendant brazenly placed collection calls and text messages to Plaintiff's cellular phone in an attempt to collect on the subject debt.

31. Plaintiff has expended time and incurred costs consulting with her attorneys as a result of Defendant's false, deceptive, and misleading collection efforts.

32. Plaintiff was unduly inconvenienced and harassed by Defendant's unlawful attempts to collect the discharged subject debt and suffered emotional distress and mental anguish as Defendant's collection activities led her to believe she was still liable on the subject debt and that her bankruptcy had no legal effect.

33. Moreover, Defendant's harassing phone calls have disrupted Plaintiff's daily life and general well-being.

34. The majority of Defendant's distracting phone calls and text messages to Plaintiff's cellular phone were placed during work hours and disrupted Plaintiff's work productivity.

35. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that accompanies unsolicited telephone calls, harassment, emotional distress, mental anguish from believing her bankruptcy had no legal effect, anxiety, loss of concentration, diminished value and

utility of her telephone equipment and telephone subscription services, debilitating Plaintiff's voicemail capacity, the wear and tear caused to her cellular telephone, the loss of battery charge, the loss of battery life, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services.

36. Concerned about the violations of her rights and invasion of her privacy, Plaintiff sought the assistance of counsel to permanently cease Defendant's collection efforts, incurring costs and expenses meeting with her attorneys.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

37. Plaintiff restates and realleges paragraphs 1 through 36 as though fully set forth herein.

38. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

39. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

40. Defendant is a "debt collector" as defined by §1692a(6) because it regularly collects debts and uses the mail and/or the telephones to collect delinquent credit card accounts allegedly owed to a third party.

41. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

42. Defendant used the phone to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

43. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

44. Section 524(a)(2)-(3) of the Bankruptcy Code, commonly known as the "discharge injunction," prohibits "an act, to collect, recover or offset any such debt as a personal liability of

6

the debtor," and "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect or recover from, or offset against, property of the debtor." 11 U.S.C. §§524(a)(2)-(3).

45. Defendant violated 15 U.S.C. §§1692c(b), d, d(5), e(2), e(5), e(7), e(10), f, f(1), and g through its debt collection efforts on a debt discharged in bankruptcy.

    a. **Violations of FDCPA § 1692b(2)**

46. Defendant violated §1692b(2) when it contacted Plaintiff's husband, Plaintiff's son, and placed calls to Plaintiff's employer without her consent and disclosed private information regarding the subject debt.

    b. **Violations of FDCPA § 1692c(b)**

47. Defendant violated §1692c(b) when it contacted Plaintiff's husband, Plaintiff's son, and placed calls to Plaintiff's employer without her consent and disclosed private information regarding the subject debt.

    c. **Violations of FDCPA § 1692d**

48. Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by relentlessly calling Plaintiff's cellular phone seeking immediate payment on the subject debt. Moreover, Defendant continued placing the relentless calls and text messages after Plaintiff advised Defendant that she filed for bankruptcy, no longer owed the subject debt, and demanded that the calls cease.

49. Defendant violated §1692d(5) by causing Plaintiff's cellular phone to ring repeatedly and continuously in an attempt to engage Plaintiff in conversations regarding the collection of the subject debt with the intent to annoy, abuse, or harass Plaintiff. Specifically, Defendant placed or caused to be placed numerous harassing phone calls and text messages to Plaintiff's cellular phone.

### d. Violations of FDCPA § 1692e

50. Defendant violated §1692e(2) when it falsely misrepresented the character, amount, or legal status of the subject debt. The subject debt was not owed at the time Defendant demanded payment by virtue of the discharge injunction.

51. Defendant violated §1692e(5) and e(7) when it threatened to take action against the Plaintiff that could not legally be taken and made direct and invalid threats of dire consequences to her if she failed to pay on the subject debt. However, Plaintiff did not have any legal obligation to pay the subject debt by virtue of her discharge injunction.

52. Defendant violated §1692e(10) when it used false representations and/or deceptive means to collect and/or attempt to collect the subject debt. The subject debt was not owed at the time Defendant demanded payment by virtue of the discharge injunction.

### e. Violations of the FDCPA § 1692f

53. Defendant violated §1692f when it used unfair and unconscionable means to collect the subject debt. The subject debt was not owed at the time Defendant demanded payment by virtue of the discharge injunction. Plaintiff did not have any legal obligation to pay the subject debt by virtue of her discharge injunction on December 21, 2020. Instead, Defendant attempted to coerce Plaintiff into making a payment by placing numerous harassing calls and text messages.

54. Defendant violated §1692f(1) by attempting to collect a debt that was uncollectible and not owed as a matter of law as the discharge injunction precludes collection of any discharged debt. Specifically, Plaintiff did not have any legal obligation to pay the pre-petition subject debt after Plaintiff's Chapter 7 discharge on December 21, 2020.

### f. Violations of the FDCPA § 1692g

55. Defendant violated §1692g through its initial communication by failing to properly inform Plaintiff as to Plaintiff's rights for debt verification in a manner which was not reasonably calculated to confuse or frustrate the least sophisticated consumer. Despite the foregoing, Defendant through its initial communication demanded payment of the subject debt from Plaintiff through the use of an automated telephone dialing system and failed to adequately send Plaintiff her right to dispute the validity of the subject debt within five days of the initial communication.

56. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on a debt that was discharged in bankruptcy.

57. Defendant knew or should have known that the subject debt was uncollectable and not owed as a matter of law.

58. Defendant attempted to coerce and induce the Plaintiff into paying a debt that was not legally owed.

59. Upon information and belief, Defendant has no system in place to identify and cease collection of debts discharged in bankruptcy.

**WHEREFORE**, Plaintiff VALERIE HARRIS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
d. Award any other relief as the Honorable Court deems just and proper.

## COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

60. Plaintiff restates and realleges paragraphs 1 through 59 as though fully set forth herein.

61. Defendant repeatedly placed or caused to be placed frequent non-emergency calls, including but not limited to the calls and text messages referenced above, to Plaintiff's cellular telephone number using an automatic telephone dialing system ("ATDS") or prerecorded or artificial voice without Plaintiff's consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

62. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

63. Upon information and belief, based on Defendant's lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used an automatic dialing system to place calls and text messages to Plaintiff's cellular telephone.

64. Upon information and belief, the ATDS employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

65. Upon information and belief, Defendant's phone system stores telephone numbers to be called, using a random or sequential number generator, which it used to call Plaintiff on her cellular phone.

66. The fact that Defendant's phone system continued to place calls and text messages after Defendant was aware that Plaintiff did not wish to receive further calls clearly evinces the fact that Defendant's phone system stored Plaintiff's phone number and continued to randomly or sequentially auto-dial Plaintiff's cellular phone number without her consent.

67. There would be no reason for Defendant to continue to contact Plaintiff, especially after having been notified to cease all telephone communications. Yet, Defendant's ATDS continued to keep Plaintiff's phone number stored, causing its system to randomly or sequentially dial the number dozens of times thereafter.

68. Any prior consent, if any, was revoked by Plaintiff's verbal revocations.

69. Defendant violated the TCPA by placing numerous phone calls and text messages to Plaintiff's cellular telephone using an ATDS without her prior consent.

70. As pled above, Plaintiff was severely harmed by Defendant's collection calls and text messages to her cellular phone.

71. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to contact consumers on their cellular phones.

72. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

73. Upon information and belief, Defendant's phone system stores telephone numbers to be called, using a random or sequential number generator, which it used to call Plaintiff on her cellular phone.

74. The calls placed by Defendant to Plaintiff were regarding business activities and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

75. Defendant, through its agents, vendors, representatives, subsidiaries, and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

76. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing

11

violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff VALERIE HARRIS respectfully prays this Honorable Court for the following relief:

a. Declare Defendant's phone calls to Plaintiff to be violations of the TCPA;
b. Award Plaintiff damages of at least $500 per phone call and treble damages pursuant to 47 U.S.C. § 227(b)(3)(B)&(C); and
c. Awarding Plaintiff costs and reasonable attorney fees;
d. Enjoining Defendant from further contacting Plaintiff; and
e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT III - VIOLATIONS OF THE DISCHARGE INJUNCTION

77. Plaintiff restates and realleges paragraphs 1 through 76 as though fully set forth herein.

   a. **Section 11 U.S.C. §524(a)(2)**

78. Section 524(a)(2)-(3) of the Bankruptcy Code, commonly known as the "discharge injunction," prohibits "an act, to collect, recover or offset any such debt as a personal liability of the debtor," and "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect or recover from, or offset against, property of the debtor." 11 U.S.C. §§524(a)(2)-(3).

79. "Section 524(a)(2) enjoins an act to collect a discharged debt, so a creditor that attempts to collect a discharged debt is in contempt of the [court] that issued the order of discharge." *Cox v. Zale Delaware, Inc.*, 239 F.3d 910, 915 (7th Cir. 2001).

80. Punitive damages may be awarded for violations of the bankruptcy discharge, and are especially appropriate when a party acts in "clear disregard and disrespect of the bankruptcy laws." *In re Vazquez*, 221 B.R. 222, 231 (Bankr. N.D. Ill. 1998). Punitive damages of four to ten times

12

the amount of compensatory damages may be appropriate for willful violations of the bankruptcy injunction. *Id.*

### b.  Defendant's conduct was perpetual, willful, and wanton

81. Defendant violated the discharge injunction by willfully attempting to collect the subject debt with actual knowledge of Plaintiff's bankruptcy and the discharged status of the subject debt.

82. Defendant violated the discharge injunction by calling and sending text messages to Plaintiff in an attempt to collect the discharged subject debt.

83. Defendant, as a highly sophisticated and experienced debt collector, should have implemented procedures and trained its employees to discourage and prevent willful violations of the discharge injunction. However, the egregious conduct by Defendant, at Plaintiff's expense, establishes otherwise.

84. Defendant has failed to cease collection efforts as mandated by the discharge injunction despite receiving notice of Plaintiff's bankruptcy; leaving Plaintiff with no alternative but to seek judicial enforcement of the discharge injunction.

85. The onus of compliance with the protections afforded by the Bankruptcy Code is on the highly sophisticated debt collector.

86. In order for the discharge injunction to be meaningful, it must be enforced by this Honorable Court, or else it becomes optional and frustrates Congress' goal in providing a "fresh start" to unfortunate debtors.

87. Defendant should have implemented procedures and trained its employees to both discourage and prevent willful and wanton violations of the Bankruptcy Code.

88. Defendant conduct demonstrates that it has no such system in place to honor the rights of consumers under the protection of the Bankruptcy Code. Accordingly, sanctions and punitive damages are warranted to deter future conduct of a similar nature.

**Plaintiff demands trial by jury.**

Dated: June 24, 2021                                          Respectfully submitted,

s/ Omar T. Sulaiman                                           s/Marwan R. Daher
**Omar T. Sulaiman**                                          **Marwan R. Daher**
Sulaiman Law Group, Ltd.                                      Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200                           2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                                       Lombard, Illinois 60148
(630) 575-8181 (phone)                                        (630) 575-8181 (phone)
osulaiman@sulaimanlaw.com                                     mdaher@sulaimanlaw.com
*Attorney for Plaintiff*                                      *Attorney for Plaintiff*